IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RODOLFO L. MARTINEZ, a/k/a Zenith Vivas, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 314-045 |
| JASON D. MEDLIN, | ) ) | |
| Respondent. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned case, ostensibly pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis*. This case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), the petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

### I. BACKGROUND

According to Petitioner, on June 29, 2011, a jury sitting in the Superior Court of DeKalb County, Georgia, convicted him of two counts of financial identity fraud and five counts of forgery in the first degree, and he was sentenced to ten years of imprisonment.

---

[1]Under Rule 4, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases. Under § 2243, which provides for initial review of petitions filed under 28 U.S.C. § 2241, the Court must determine whether "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks. 28 U.S.C. § 2243.

(Doc. no. 1, p. 1.) Petitioner filed a motion for a new trial, and the trial court reversed one of the two identity fraud convictions. See Martinez v. State, 750 S.E.2d 504, 505 (Ga. App. Ct. 2013). Petitioner appealed, arguing as to the forgery convictions that the indictment varied from the proof at trial, the evidence was insufficient to support his remaining identity fraud conviction, and the trial court improperly expressed an opinion as to the evidence presented at trial. Id. On November 21, 2013, the Georgia Court of Appeals reversed Petitioner's remaining identity fraud conviction, but affirmed his forgery convictions. Id. The appellate court denied Petitioner's request for reconsideration on December 5, 2013. See id.

Petitioner thereafter filed a petition for writ of certiorari with the Supreme Court of Georgia and, although it was pending at the time Petitioner commenced this action, the Supreme Court of Georgia denied the petition on June 2, 2014. See Martinez v. State, S14C0575 (Ga. June 2, 2014), *available at* http://www.gasupreme.us/docket_search.) A remittitur from the appellate court was subsequently entered in Petitioner's state criminal proceedings on June 24, 2014. See http://www.ojs.dekalbga.org/ (click "Enter," select "Government Agency," select "Criminal Case Search," search Case ID "08CR2217") (last visited July 2, 2014).

While his petition for a writ of certiorari was pending before the Supreme Court of Georgia, Petitioner filed a state habeas corpus petition in the Superior Court of Wheeler County on April 25, 2014, which is still pending before that court. (Doc. no. 1, p. 3.) Petitioner raised three grounds in his state habeas petition, based on "revocation of parole," "denial of bail," and "denial of right to speedy trial." (Id.)

In the instant federal petition, signed by Petitioner on May 19, 2014, he raises the same three grounds for relief as in his state habeas petition, namely that (1) he was

improperly denied "early release credits" by the Georgia Board of Pardons and Paroles ("Board"), (2) the trial court violated his due process and equal protection rights by denying him bail and dismissing his motion for discretionary appeal, and (3) the trial court violated his right to a speedy trial. (Id. at 5-10, 17-21.)

## II. DISCUSSION

### A. The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

Although Petitioner's challenges to the validity of his state convictions are properly brought under § 2254, a petition under § 2241 is the proper vehicle to challenge the execution of a criminal sentence, such as Petitioner's claim related to his parole status. Regardless of whether Petitioner seeks relief under § 2241 or § 2254, he must first exhaust his claims in the state courts before they can be heard in federal court.

The petition is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). Petitions brought under § 2241 are also subject to the restrictions imposed by § 2254. Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003).

The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2] Id. In Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to

---

[2] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40). Here, Petitioner did seek a writ of certiorari from the Georgia Supreme Court.

allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

Although Petitioner states that the Board has denied him jail credits, the precise nature of his claim and whether he is challenging a formal decision of the Board is unclear. A review of the Board's website[3] provides no indication of any such decision regarding Petitioner. Nevertheless, "it is firmly established under Georgia law that a parole decision can be challenged by filing a petition for writ of mandamus." Davis v. State Bd. of Pardons and Paroles, 271 F. App'x 975, 975 (11th Cir. 2008) (*per curiam*) (citing Brown v. Barrow, 512 F.3d 1304, 1308 (11th Cir. 2008) (*per curiam*)); see also Johnson v. Griffin, 522 S.E.2d 657, 663 (Ga. 1999) (proper remedy for challenge to Board's determination lay in a mandamus action); Lewis v. Griffin, 376 S.E.2d 364, 365-66 (Ga. 1989) (same).

Here, Petitioner indicates he raised his claims in a state habeas petition filed in the Superior Court of Wheeler County just before commencing this action. (Doc. no. 1, p. 3.) Petitioner further states that his state habeas petition has not yet been ruled on. (Id. at 6, 7, 9.) The claims in the instant petition are separate and distinct from those recently decided on direct appeal (see id. at 2, 22-25), and thus no state court has yet ruled on them. Petitioner also provides no indication that he attempted to contest the Board's decision either administratively or through the filing of a mandamus action. Thus, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis

---

[3]http://www.pap.state.us/

added); see also Davis, 271 F. App'x at 975 (affirming dismissal for failure to exhaust where petitioner had not presented his claim in state court mandamus proceeding).

### B. The Court Will Not Hold the Petition in Abeyance.

Petitioner acknowledges "[his] need to exhaust state remedies," but asks the Court to hold his federal habeas petition in abeyance while he does so. (Id. at 12, 16.) However, Petitioner only recently filed his state habeas petition, and as such he is only in the early stages of exhausting his claims. Furthermore, because claims attacking criminal convictions under § 2254 are transferred to the district in which the original criminal proceedings were conducted, this Court is not the proper venue for Petitioner's challenges to his convictions in DeKalb County, which is in the Northern District of Georgia. See 28 U.S.C. § 2241(d); Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir. 1982) (approving transfer of § 2254 petition from district of incarceration to district where petitioner was convicted). Therefore, the Court will not hold the instant petition in abeyance while Petitioner exhausts his state remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), the petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA